[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Nelson Cooper appeals his conviction, pursuant to the entry of a guilty plea, for one count of possession of marijuana, in violation of R.C. 2925.11(A). The trial court imposed a three-year term of incarceration with credit given for time already served prior to sentencing.
 {¶ 3} Pursuant to Anders v. California,[1] Cooper's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Cooper's appeal.[2] Counsel acknowledges that Cooper has alleged several errors as set out in a letter dated April 11, 2003. Despite Cooper's allegations, appellate counsel has concluded that there is nothing in the record to support Cooper's appeal, and counsel has moved for permission to withdraw from this appeal.[3]
 {¶ 4} Counsel has requested that this court independently examine the record to determine whether the appeal is wholly frivolous.[4]
Based on our review of the record, we hold that, despite Cooper's contentions, it is devoid of prejudicial error. The plea and sentencing transcript reveals that Cooper understood the import and consequences of his plea of guilty, as required by Crim.R. 11(B) and 11(C)(2). There were no deficiencies in trial counsel's representation when Cooper entered his guilty plea or during the sentencing hearing. Moreover, the record discloses that the delay in Cooper's sentencing resulted from his leaving the state after his request for permission to temporarily step outside the courtroom during a hearing was granted by the trial court. Because there are no grounds to support a meritorious appeal, the judgment of the trial court is affirmed.
 {¶ 5} Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Cooper because he is indigent.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] We note that in Smith v. Robbins (2000), 528 U.S. 259, 260,120 S.Ct. 746, 750, the United States Supreme Court held that the Anders
procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals. As of this writing, the Anders procedure is still followed in Ohio. See State v.Lachner (Feb. 25, 2000), 6th Dist. No. S-98-049.
[3] See Anders, supra, at 744.
[4] See Anders, supra; see, also, Freels v. Hills (C.A. 6, 1988),843 F.2d 958.